﻿Citation Nr: AXXXXXXXX
Decision Date: 06/29/20 Archive Date: 06/29/20

DOCKET NO. 190509-8614
DATE: June 29, 2020

ORDER

Service connection for a left foot scar is granted.

Service connection for a left foot disorder, other than a left foot scar, is denied. 

FINDINGS OF FACT

1. Resolving all doubt in the Veteran’s favor, his currently diagnosed left foot scar is related to his military service.

2. A left foot disorder, other than a left foot scar, is not shown to be causally or etiologically related to any disease, injury, or incident during service, and arthritis did not manifest to a compensable degree within one year of service discharge.

CONCLUSIONS OF LAW

1. The criteria for service connection for a left foot scar have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

2. The criteria for service connection for a left foot disorder, other than a left foot scar, have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1972 to May 1976, November 1992 to May 1993, and October 1994 to March 1995. By way of background, a rating decision issued in May 2013 by a Regional Office (RO) of the Department of Veterans Affairs (VA) denied service connection for a left foot disorder. After the Veteran perfected his appeal of such issue in November 2017, he withdrew such appeal and opted into the Rapid Appeals Modernization Program (RAMP), which was a test program for the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA) in August 2018. In such election, he selected the Higher-Level Review lane and, thereafter, a December 2018 rating decision considered the evidence of record as of the date VA received the RAMP election form and again denied service connection for a left foot disorder. In May 2019, the Veteran timely appealed such rating decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the AOJ. Thus, the Board’s review is limited to the evidence of record at the time of the issuance of the rating decision on January 11, 2019.

Entitlement to service connection for a left foot disorder.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff’d, 78 F.3d 604 (Fed. Cir. 1996).

Where a veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, such as arthritis, to a degree of 10 percent within one year, from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1137; 38 C.F.R. §§ 3.307, 3.309. Alternatively, when a disease at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran contends that he has a left foot disorder, to include a scar, related to his military service. In this regard, the Board notes that the record reflects that the Veteran has been diagnosed with a left foot scar, left foot callus formation, tinea pedis, and mild degenerative joint disease of the left foot. See July 2013 VA examination report. 

Additionally, the Veteran’s service treatment records (STRs) reflect he reported foot trouble on a November 1975 Report of Medical History. Here, the physician noted that he had a crooked left toe with full range of movement, which was painful after prolonged standing. A December 1975 radiographic report reflects a deformity of the Veteran’s second left digit, and a February 1976 STR indicates a pre/post-diagnosis of left foot hammertoe (second). An operative the same month demonstrates that the Veteran underwent a release of the left second hammertoe. A STR dated a few days thereafter noted his history of a painful second toe on the left foot, which had been present for a number of years. X-rays were within normal limits. An additional February 1976 STR notes that the Veteran was fitted with crutches and was discharged from physical therapy. STRs dated in February and March 1976 reveal that the Veteran was recovering from surgery, and was placed on physical restrictions, to include no use of the feet (in February) and no prolonged walking/standing or marching/lifting/squatting (in March). An August 1976 Report of Medical History reveals that the Veteran reported undergoing a hammertoe correction. Such STR further reveals the physician’s notation that the Veteran’s hammertoe was corrected with no sequelae. Reports of Medical Examination, and corresponding Reports of Medical History, dated in November 1979, April 1984, and November 1987 reflect that the Veteran’s deformed toe was surgically straightened in 1976. The Veteran’s STRs are otherwise negative for any complaints, treatment, or diagnoses referable to a left foot disorder.

The Veteran was afforded VA examinations in July 2013. At such time, the examiner noted the presence of a dorsal aspect left foot linear scar of the left second toe that was 2 centimeters long, but was not painful or unstable, and opined that such was at least as likely as not incurred in or caused by the claimed in-service injury, event, or illness. In support thereof, the examiner noted that such scar was directly related to the Veteran’s hammertoe revision surgery and diagnosis while in the military in 1976. Thus, based on such opinion, the Board finds that he has a currently diagnosed left foot scar that is related to his in-service hammertoe correction surgery in February 1976. Therefore, service connection for such disorder is warranted. 

However, the Board further finds that the record fails to show that the Veteran’s remaining left foot disorders (left foot callus formation, tinea pedis, and mild degenerative joint disease of the left foot) had their onset during, or are otherwise related to, his military service. In this regard, the Veteran does not report experiencing any symptoms related to such left foot disorders during service, nor has he or his representative made any specific assertions as to why service connection is warranted for such disorders. In fact, at his July 2013 VA examination, he reported that his left foot symptoms had their onset in the late 1980’s, which is during a period where he was not on active duty.

Moreover, the Veteran’s STRs are negative for any complaints, treatment, or diagnoses referable to such left foot disorders and, while he has a current diagnosis of left foot mild degenerative joint disease, such was first diagnosed in July 2013, thereby failing to suggest that arthritis manifested to a compensable degree within the year following his discharge from service, and he has not alleged a continuity of symptomatology. 

Furthermore, VA’s duty to provide an opinion regarding the etiology of the Veteran’s remaining left foot disorders is not triggered as there is no indication that his left foot callus formation, tinea pedis, and mild degenerative joint disease of the left foot may be related to his military service. McLendon v. Nicholson, 20 Vet. App. 79 (2006). In this regard, as noted previously, the Veteran’s STRs are negative for such disorders and he has not described any in-service injury, disease, or event that he believes led to such disorders. Likewise, he has not reported a continuity of relevant symptomatology since service. Thus, the Board finds that a VA opinion with respect to the Veteran’s remaining left foot disorders is not necessary to decide the claim. 

Therefore, the Board finds that a left foot disorder, other than a left foot scar, is not shown to be causally or etiologically related to any disease, injury, or incident during service, and arthritis did not manifest to a compensable degree within one year of service discharge. Consequently, service connection for such disorder is not warranted.

In reaching such decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the Veteran’s claim of entitlement to service connection for a left foot disorder, other than a left foot scar. As such, that doctrine is not applicable in the instant appeal, and his claim must be denied. 38 U.S.C. § 5107; 38 C.R.F. § 3.102; Gilbert, supra. 

 

A. JAEGER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Koria B. Stanton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.